E-FILED
Monday, 17 December, 2007  03:00:12 PM
Clerk, U.S. District Court, ILCD

```
                    UNITED STATES DISTRICT COURT
                    CENTRAL DISTRICT OF ILLINOIS
                        ROCK ISLAND DIVISION
```

JOSEPH MCLEAN,                    )
                                  )
     Plaintiff,                   )
                                  )
          v.                      )     Case No. 06-cv-4005
                                  )
NATIONAL RAILWAY EQUIPMENT CO.,   )
                                  )
     Defendant.                   )

## **O R D E R**

Before the court is the Motion for Summary Judgment filed by Defendant, National Railway Equipment Company, on October 12, 2007 [Doc. 15]. For the reasons that follow, the Motion is GRANTED.

### BACKGROUND

On October 12, 2007, notice was given to Plaintiff, who is proceeding *pro se*, consistent with Lewis v. Faulkner, 689 F.2d 100 (7th Cir. 1982), of the consequences of failing to respond to the Motion for Summary Judgment. Plaintiff was informed of the deadline for filing a response. Plaintiff did not file a response by the deadline. On November 20, 2007, this Court issued an Order again reminding Plaintiff of the consequences for failing to respond to the Motion. Plaintiff was granted additional time, until November 29, 2007 to file a response. As of the date of this Order, no response has been filed. Therefore, consistent with Local Rule 7.1(D), the failure to

respond is deemed an admission of the motion.  The following facts, then, are taken from Defendant's statement of material facts and are considered undisputed.

Plaintiff was employed by Defendant and was responsible for the assembly of a "traction motor."  The traction motor failed because "set screws" were left out of the motor.  According to two other employees of Defendant, Carlos Ferrell, a Superintendent, and Ray Thornton, the Vice President of Operations, Plaintiff admitted to leaving out the set screws from the motor on August 23, 2004.

Defendant asserts that its policy is to terminate an employee who receives four disciplinary reports.  Prior to August 27, 2004, Plaintiff received three disciplinary reports on January 14, 2004, April 7, 2004, and August 23, 2004.  Each of these reports, and the termination letter, were signed by Mike Huff, the Electrical Shop Supervisor/Foreman. As a result of Plaintiff's failure to properly build the traction motor, which resulted in a fourth disciplinary report, Plaintiff's employment was terminated by a letter dated August 27, 2004.

Plaintiff filed a Complaint in this Court on January 20, 2006.  The Complaint states that Plaintiff had been employed by Defendant since 1996 and that he became a union representative in 2003.  During 2003 and 2004, Plaintiff alleges that he assisted various of Defendant's female employees in reporting

2

and pursuing complaints of sexual harassment and discrimination. Plaintiff alleges that Defendant terminated his employment in retaliation for assisting these employees and for opposing Defendant's allegedly discriminatory policies.  Thus, Plaintiff alleges that Defendant violated the anti-retaliation provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-1, *et seq.*

## DISCUSSION

Summary judgment should be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  The moving party has the responsibility of informing the Court as to portions of the record that demonstrate the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  The movant may meet this burden by demonstrating "that there is an absence of evidence to support the nonmoving party's case."  Id. at 325.

Once the movant has met its burden, to survive summary judgment the "nonmovant must show through specific evidence that a triable issue of fact remains on issues on which [s]he bears the burden of proof at trial." Warsco v. Preferred Tech. Group, 258 F.3d 557, 563 (7th Cir. 2001); See also Celotex Corp., 477

U.S. at 322-24.  "The nonmovant may not rest upon mere allegations in the pleadings or upon conclusory statements in affidavits; it must go beyond the pleadings and support its contentions with proper documentary evidence."  <u>Chemsource, Inc. v. Hub Group, Inc.</u>, 106 F.3d 1358, 1361 (7th Cir. 1997).

This Court must nonetheless "view the record and all inferences drawn from it in the light most favorable to the [non-moving party]."  <u>Holland v. Jefferson Nat. Life Ins. Co.</u>, 883 F.2d 1307, 1312 (7th Cir. 1989).  In doing so, this Court is not "required to draw every conceivable inference from the record -- only those inferences that are reasonable."  <u>Bank Leumi Le-Isreal, B.M. v. Lee</u>, 928 F.2d 232, 236 (7th Cir. 1991).  Therefore, if the record before the court "could not lead a rational trier of fact to find for the non-moving party," then no genuine issue of material fact exists and, the moving party is entitled to judgment as a matter of law.  <u>McClendon v. Indiana Sugars, Inc.</u>, 108 F.3d 789, 796 (7th Cir. 1997) (quoting <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986)).  However, in ruling on a motion for summary judgment, the court may not weigh the evidence or resolve issues of fact; disputed facts must be left for resolution at trial.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249-50 (1986).

Plaintiff claims that he was retaliated against for assisting co-workers in pursuing their claims of sexual

4

harassment/discrimination.  In light of Plaintiff's failure to respond to this Motion, Plaintiff has failed to show that he was retaliated against in violation of federal law.

In order to prevail under the anti-retaliation provisions of Title VII, Plaintiff must show that his employer discriminated against him because he participated or assisted in a Title VII proceeding.  42 U.S.C. § 2000e-3(a).  Plaintiff may prove retaliation under the direct or the indirect, burden-shifting method.  Brown v. Illinois Dep't of Natural Resources, 499 F.3d 675, 684 (7th Cir. 2007).  Under the direct method, Plaintiff should present evidence that he engaged in a statutorily protected activity, that he suffered an adverse employment action, and that there is a casual connection between the two.  Id.  Under the indirect method, Plaintiff must first make out a *prima facie* case of retaliation (that he suffered an adverse employment action, that he was meeting his employer's legitimate job expectations, and that no other similarly situated employee who did not participate or assist in a Title VII action was subject to the employment action); Defendant then must present a non-discriminatory reason for the action; and, Plaintiff must then present evidence that Defendant's reasons are merely a pretext for retaliation.  Id.; South v. Illinois Environmental Protection Agency, 495 F.3d 747, 751-752 (7th Cir. 2007).

Plaintiff has presented no evidence that he participated in any protected activity. For this reason alone, his claim must fail. Pantoja v. American NTN Bearing Mfg. Corp., 495 F.3d 840, 848 (7th Cir. 2007). Plaintiff also has presented no evidence that he was meeting his employer's legitimate expectations. Indeed, Defendant has shown that the opposite is true. Plaintiff was disciplined four times within a one year period for various infractions. Pursuant to company policy, his employment was terminated. The evidence shows that Plaintiff was therefore not meeting Defendant's employment expectations. Plaintiff has also presented no evidence that a similarly situated employee was treated differently. See South, 495 F.3d at 752. Accordingly, Plaintiff has failed to make out a *prima facie* case of discrimination. Keri v. Board of Trustees of Purdue University, 458 F.3d 620, 651-652 (7th Cir. 2007) ("At the summary judgment junction, the Plaintiff may not rely only on the bare assertions of his pleadings.").

**CONCLUSION**

For the foregoing reasons, the Motion for Summary Judgment filed by Defendant, National Railway Equipment Company, on October 12, 2007 [Doc. 15] is GRANTED.  The Clerk is directed to enter judgment in favor of Defendant and against Plaintiff.  CASE TERMINATED.


Entered this  17th  day of December, 2007

                                    s/ Joe B. McDade
                                 JOE BILLY McDADE
                          United States District Judge